**LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4744 GAF (FFMx) | Date | July 14, 2010 |
|---|---|---|---|
| Title | Ho K. Yun et al v. Wells Fargo & Company et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     (In Chambers)

**ORDER TO SHOW CAUSE**

On June 25, 2010, plaintiffs Ho K. Yun and Patricia Yun (collectively, "Plaintiffs") filed this lawsuit against Wells Fargo & Company ("Wells Fargo"), Wachovia Mortgage Corporation ("Wachovia"), and Golden West Savings Association Service Co. ("Golden West") (collectively, "Defendants"). According to the complaint, the claims fall within this Court's jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 4.) However, Plaintiffs' complaint fails to properly plead diversity of citizenship.

Section 1332 confers federal courts with jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between...[c]itizens of different States." 28 U.S.C. § 1332(a)(1). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state." Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998); In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff.") (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)). Therefore, to establish complete diversity, Plaintiffs must properly allege the citizenship of every party in this action.

"[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not residency." Kanter v. Warner Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). With respect to a natural person, state citizenship is "determined by her state of domicile, not her state of residence." Id. (citations omitted); see also Mantin v. Broad. Music,

**LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4744 GAF (FFMx) | Date | July 14, 2010 |
|---|---|---|---|
| Title | Ho K. Yun et al v. Wells Fargo & Company et al | | |

<u>Inc.</u>, 244 F.2d 204, 206 (9th Cir. 1957) (stating that "[r]esidence and citizenship are not the same thing").

      Here, Plaintiffs allege that they "are American citizens residing in the city of Los Angeles, Los Angeles County, California." (Compl. ¶ 6.) These allegations are insufficient to inform the Court of Plaintiffs' citizenship, and the Court therefore cannot determine whether diversity of citizenship exists. To properly invoke this Court's diversity jurisdiction, Plaintiffs must specifically allege their states of citizenship.[1]

      In light of the foregoing, Plaintiffs are **ORDERED TO SHOW CAUSE no later than the close of business on Wednesday, July 21, 2010**, why this case should not be dismissed for lack of subject matter jurisdiction. A written memorandum addressing the Court's concerns shall constitute a sufficient response to this order.

      Failure to respond to the Court's order shall be deemed consent to dismissal of this case.

      **IT IS SO ORDERED.**

---

[1] The Court notes that Golden West, whose California citizenship is properly alleged, is a California corporation with its principal place of business in California. (Compl. ¶ 10.) If either Ho K. Yun or Patricia Yun is also a California citizen, the parties would not be completely diverse and this Court would lack subject matter jurisdiction.